**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**DARRELL E. COOK;**

    **Plaintiff,**

v.                                          **Civil Action No. 2:11-CV-4
(Bailey)**

**UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS;**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 37]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on December 22, 2011 [Doc. 37]. In that filing, the magistrate judge recommends that defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 22] be granted, and the plaintiff's complaint [Doc. 1] and amended complaint [Doc. 32] be dismissed with prejudice for failure to state a claim upon which relief can be granted [Doc. 37 at 14].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. On January 9, 2012, the plaintiff submitted his objections to the R&R [Doc. 39]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

Plaintiff filed his original complaint on January 18, 2011 [Doc. 1]. In his original complaint, the plaintiff asserted that, "[o]n the 29th of July, 2009, [he] received minor burns while attempting to take a shower" [Doc. 1 at 1] at United States Penitentiary ("USP") Hazelton. The plaintiff further stated that he had no control over the hot and cold water because the shower was operated by a single push button [*Id.*]. He was seen by prison medical staff and prescribed medication for the burns, which were determined to be minor [*Id.*]. The plaintiff alleged that Correctional Officers Hetrick and Eirich had knowledge that the water temperature had been too high prior to plaintiff's injury [*Id.*]. The plaintiff then detailed the steps that he took regarding exhausting administrative remedies [*Id.* at 1-2] and concluded by asking this Court to find the United States Federal Bureau of Prisons

2

negligent [*Id.* at 2].

The Federal Bureau of Prisons ("BOP") filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 22] and a Memorandum of Law in support thereof [Doc. 23] on June 15, 2011. In the motion, the BOP presented the following arguments: (1) Plaintiff's **Bivens** claim should be dismissed for failure to exhaust available administrative remedies; (2) The defendants were not deliberately indifferent to the medical needs of the plaintiff; (3) The individual defendants have not been served; (4) The defendants are entitled to qualified immunity; (5) Any **Bivens** claims against the defendants in their official capacities are barred by sovereign immunity; and (6) Plaintiff's Federal Tort Claims Act claim must be dismissed [Doc. 23 at 7-22].

In an amended complaint filed on August 24, 2011, the plaintiff asserted the following causes of action against Shawn Kelly (individual and official capacity), Steven Eirich (individual and official capacity), Dale Herrick (individual and official capacity), and the United States: (1) deliberate indifference and negligence to the plaintiff's personal safety, and (2) negligence causing the plaintiff's burns [Doc. 32 at 2-3]. The plaintiff also included a section on exhausting remedies, which included a statement that the plaintiff "made several attempts to a[c]quire the proper forms to begin to exhaust his remedy utilizing the Administrative Process, but to no avail at [USP] Hazelton" [*Id.* at 3]. The plaintiff further states that, upon the advice of someone, he was able to begin to exhaust his administrative remedies when he arrived at USP Canaan [*Id.*].

### III. Applicable Law

#### A. Motion to Amend Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a "party may amend its pleading . . . with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). Such "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." **Johnson v. Oroweat Foods Co.**, 785 F.2d 503 (4th Cir. 1986), relying on **Foman v. Davis**, 371 U.S. 178, 182 (1962).

#### B. Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim" to survive a motion to dismiss for failure to state a claim. **Bass v. E.I. Dupont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003)(citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002)); *see also* **Iodice v. United States**, 289 F.3d 270, 281 (4th Cir. 2002). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and

other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke,*** 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

### C. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* FED. R. CIV. P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323-25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary

5

judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

## D. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), before a prisoner can bring an action under any federal law with respect to prison conditions, he or she must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement has multiple purposes. First, it "attempts to eliminate unwarranted federal-court interference with the administration of prisons . . .." ***Woodford v. Ngo***, 548 U.S. 81, 93 (2006). Second, it "seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" ***Id.*** (quoting ***Porter v. Nussle***, 534 U.S. 516, 525 (2002)). Third, it "'reduce[s] the quantity and improve[s] the quality of prisoner suits.'" ***Id.*** (quoting ***Nussle***, 534 U.S. at 524).

Exhaustion of grievances is mandatory, "whether they involve general circumstances or particular episodes." See ***Booth v. Churner***, 532 U.S. 731, 741 (2001). Accordingly, all available administrative remedies, including inmate grievance procedures, must be exhausted before a prisoner can file a complaint in federal court. ***Nussle***, 534 U.S. at 524. Failure to properly exhaust all available administrative remedies can result in procedural default of the prisoner's claims. See ***Woodford***, 548 U.S. at 92-93 (recognizing that the PLRA provisions contain a procedural default component).

The BOP has a four-step administrative remedy process, progressing from the BP-8 level to the BP-11 level. See 28 C.F.R. §§ 542.13-542.15. The first step is an attempted informal resolution. 28 C.F.R. § 542.13. If this does not provide the inmate with a satisfactory result, then the second step is to file a formal, written complaint on the BP-9

form within 20 days after the date of the incident of which the inmate is complaining. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the response from the warden at this level, then the third step is to complete a BP-10 appeal to the "appropriate Regional Direction within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15. In the event that the prisoner is not satisfied with the Regional Director's response, then the fourth step is to submit a BP-11 appeal to the "General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* These deadlines may be extended where an inmate demonstrates a valid reason for delay as detailed in section 542.14(b). *Id.*[1] Outside the grant of such an extension, failure to timely complete all levels of the complaint process means that the prisoner has failed to exhaust his or her administrative remedies. See **Gibbs v. Bureau of Prison Office**, 986 F.Supp. 941, 943 (D. Md. 1997) (discussing the requirement to exhaust all administrative remedies under the PLRA).

### E. *Bivens* Eighth Amendment Claim

The complaint and amended complaint appear to be stating a claim of "'unnecessary

---

[1]Section 542.14(b) provides the following:;
Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions . . . was delayed.
28 C.F.R. § 542.14(b).

and wanton infliction of pain'" under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)(quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Under the Eighth Amendment, prison inmates are entitled to "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Wolfish v. Levi*, 573 F.2d 118 (2d Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1994). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must meet an objective and a subjective requirement. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Under the objective requirement, the prisoner must show that the deprivation was "sufficiently serious." *Id.* Under the subjective requirement, the prisoner must show that the officials acted with a "sufficiently culpable state of mind." *Id.*

Under the objective requirement, the plaintiff must show that (1) he has sustained a serious or significant mental or physical injury as a result of the challenged condition (*See* ***Strickler v. Waters***, 989 F.2d 1375, 1380-81 (4th Cir. 1993)) or (2) the plaintiff's continued, unwilling exposure to the challenged condition creates an unreasonable risk of serious damage to his future health (*See* ***Helling v. McKinney***, 509 U.S. 25, 31 (1993)). Under the subjective requirement, the inmate must demonstrate that the prison official acted with "deliberate indifference." *Wilson*, 501 U.S. at 303. Deliberate indifference requires more than negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (relying on *Estelle*, 429 U.S. at 104). It requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A prison official is not liable for deliberate indifference if he or she "did not know of the underlying facts indicating a sufficiently

8

substantial danger" or "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844.

F.  Federal Tort Claims Act ("FTCA") Claim

Under the FTCA, the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States; however, the United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. *See* **Dalehite v. United States**, 346 U.S.15, 30-31 (1953). Where such a waiver exists, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §§ 2674 and 1346(b)(1); **Medina v. United States**, 259 F.3d 220, 223 (4th Cir. 2001). In West Virginia, the plaintiff must establish three elements in a negligence suit: (1) a duty that the defendant owes to the plaintiff, (2) a negligent breach of that duty, and (3) injuries received as a proximate result from that breach. **Webb v. Brown & Williamson Tobacco Co.**, 121 W. Va. 115, 2 S.E.2d 898, 899 (1939).

Under statute, the BOP owes prisoners a duty of care that specifically requires the BOP to provide for the safekeeping, care, subsistence, and protection of all prisoners. *See* 18 U.S.C. § 4042; **United States v. Muniz**, 374 U.S. 150 (1963). Under West Virginia law, the duty of care that the BOP owes to inmates is one of reasonable care. *See* **McNeal v. United States**, 979 F.Supp. 431 (N.D. W. Va. 1997).

## IV. Discussion

For the reasons that follow and the reasons more fully stated in the magistrate judge's R&R, this Court concludes that the magistrate judge's Report and Recommendation should be adopted.

### A. Analysis

#### 1. Amended Complaint

As an initial matter, this Court agrees with the magistrate judge's finding that the plaintiff's amended complaint should be permitted under Rule 15(a) because it adds no substantive claims and is not prejudicial to the opposing parties. As such, this Court will consider the claims in the amended complaint in the following sections.

#### 2. *Bivens* Claim

A **Bivens**[2] cause of action cannot be brought against a federal agency. See **F.D.I.C. v. Meyer**, 510 U.S. 471, 486 (1994). Accordingly, defendant BOP cannot be sued under **Bivens**. Furthermore, to the extent that the plaintiff attempts to name the United States as a defendant, the **Bivens** claim again fails because "any remedy under **Bivens** is against federal officials individually, not the federal government." **Randall v. United States**, 95 F.3d 339, 345 (4th Cir. 1996). Accordingly, the claims against the BOP and the United States are not permitted under **Bivens** and should be dismissed.

---

[2]Under **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388, 395-96 (1971), "damages may be obtained for injuries consequent upon a [constitutional violation] by federal officials."

With regard to the individually-named defendants, the magistrate judge concluded that "the plaintiff has not exhausted his administrative remedies with respect to any claim regarding the water temperature at USP Hazelton in general or the claims raised in his amended complaint against [Correctional Officers] Kelly, Hetrick, or Eirich, in particular" [Doc. 37 at 8-9]. The R&R further states that even if the plaintiff had properly exhausted his administrative remedies, the **Bivens** claim against Officers Kelly, Hetrick, and Eirich should be dismissed because the plaintiff's minor burns were not a "serious or significant injury" and "there is no showing of any act or omission on the part of any [special housing unit] officer with respect to the [special housing unit] showers that would rise to the level of a constitutional violation[ ] . . ." [*Id.* at 11-12]. This Court agrees with the magistrate judge's findings and concludes that plaintiff's **Bivens** claims against the individual correctional officers must be dismissed.

The plaintiff failed to complete the four-step BOP complaint procedure within the relevant deadlines. *See* 28 C.F.R. §§ 542.13 - 542.15. However, even if the plaintiff had exhausted his administrative remedies, he has failed to meet the objective "serious injury" requirement and the subjective "deliberate indifference" requirement for a successful Eighth Amendment violation **Bivens** claim.

The plaintiff refers to his burns as "minor" and describes a one week treatment consisting of Ibuprofen and a medicated ointment [Doc. 1 at 1; Doc. 32 at 2], thereby failing to allege facts supporting a "serious injury." Furthermore, although the plaintiff states in his amended complaint that the defendants "were deliberately indifferent to [plaintiff's] need for safety from scalding shower temperatures" [Doc. 32 at 1], the mere usage of the

11

"deliberate indifference" phrase is not sufficient. The plaintiff must allege facts that supporting a conclusion that an "official [was] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that the official had] draw[n] the inference." *Farmer*, 511 U.S. at 837. The plaintiff alleges that all inmates in the special housing unit complained about hot water temperatures during the month of July 2009; however, even if this allegation were true, it fails to address whether this was a sufficient basis for an inference that a substantial risk of harm existed or whether any officials had drawn such an inference. The plaintiff does not allege that the water was so hot as to prevent inmates from showering or that any other inmate suffered an injury from high water temperatures.

As such, the plaintiff failed to exhaust his administrative remedies, failed to allege facts supporting a conclusion that he suffered a serious injury, and failed to allege facts supporting a conclusion that any BOP staff member had drawn an inference that the shower temperatures posed a serious risk to the inmates. For these reasons and the reasons more fully stated in the magistrate judge's R&R, plaintiff's ***Bivens*** claim must be dismissed.

### 3. FTCA Claim

The plaintiff's amended complaint alleges that the defendants negligently caused his burns by allowing the water temperature to be too hot. Although the water was hot enough to cause minor burns to the plaintiff, merely showing that the injury occurred is not a sufficient factual allegation to support a claim of negligence. The complaint must contain facts pertaining to each element of a negligence claim. Although the complaint alleges that

Defendants Hetrick and Eirich "were both aware of the water temperatures prior to the injury that occurred" [Doc. 1 at 1], signed and sworn declarations by those defendants state that they were not aware of any excessively hot or extremely hot water temperatures prior to plaintiff's injury [Doc. 24-5 at 1; Doc. 24-6 at 1]. The BOP also provided information pertaining to the measures that it takes to meet its duty of reasonable care towards prisoners. [*See* Docs. 24-3 and 24-4, detailing the steps taken by the BOP to control the water temperatures in the showers].

Plaintiff's amended complaint, which was filed after receiving those signed and sworn statements with the defendants' motion to dismiss, failed to include any specific factual allegations to support his claim that these defendants were aware of any issues with the water in the showers being too hot [*See* Doc. 32]. He did not provide any information as to how or when any of the defendants were put on notice that the shower water temperatures were too high. Accordingly, the plaintiff has not made factual allegations in his complaint or amended complaint to support a conclusion that BOP or its staff was aware of a problem with the shower temperatures. *See* **Schatz v. Rosenberg**, 943 F.2d 485, 489 (4th Cir. 1991); see also **Eastern Shore Markets, Inc. V. J.D. Assoc. Ltd. Partnership**, 213 F.3d 175, 180 (4th Cir. 2000) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (2d ed. 1990 & 1998 Supp.)). Accordingly, for these reasons and the reasons more fully detailed in the magistrate judge's R&R, this Court agrees with the magistrate judge's finding that plaintiff's FTCA claim must be dismissed.

### B. Plaintiff's Objections

Plaintiff raises five objections to the magistrate judge's findings and recommendations in the R&R.

#### 1. Serious Injury

The plaintiff objects to the magistrate judge's finding that the plaintiff's burns did not amount to a "serious or significant injury" [Doc. 39 at 1]. The plaintiff states that he has "realized [that] he received second or third degree burns based upon the blistering and painful opening of the burns" [*Id.*]. However, the plaintiff was diagnosed with minor burns and prescribed ibuprofen for one week and given a topical ointment to place on the burns [Doc.32-1 at 3]. Moreover, the "Clinical Encounter" form states that the plaintiff was alert and oriented while he was complaining that the burns "hurt[ ] and feel[ ]raw." *Id.* The plaintiff simply states that he has able to determine that the burns rose above the level of minor burns based upon the look and feel of the burns; the plaintiff's allegations that his burns were misdiagnosed are not supported by any medical information. The medical report and his own statements demonstrate that the plaintiff believed that his burns were minor on the day of the incident. Moreover, the serious or significant injury requirement is not a subjective one; plaintiff's impression as to the seriousness of his injury is not relevant. Because the plaintiff has not demonstrated this his injury was anything more than minor burns, he has not met the objective "serious or significant injury" requirement. Accordingly, this Court OVERRULES the plaintiff's objection on this issue.

### 2. Deliberate Indifference

The plaintiff further states that he was never seen again by medical staff, despite "repeated complaints about the burns" [Doc. 39 at 2]. This claim appears to be an attempt to meet the subjective "deliberate indifference" requirement for an Eighth Amendment violation claim. However, the plaintiff has not alleged that the medical treatment with which he was provided was insufficient. The plaintiff simply states that he did not receive as much medical attention as he would have liked; he does not claim that additional visits with medical staff would have provided a better or faster treatment for his burns.

In his objections, the plaintiff alleges additional information pertaining to notice of hot water temperatures to BOP staff, stating that Defendant Eirich "received complaints daily between July 16, 2009[,] and August 4, 2009" [Doc. 39 at 4]. However, the document to which the plaintiff cites for this information, contains no list of any such complaints. Furthermore, the plaintiff still fails to allege facts supporting a conclusion that any BOP staff member had drawn an inference that the shower temperatures posed a serious risk to the inmates. As such, the plaintiff has not provided this Court with a sufficient factual allegation to support the "deliberate indifference" requirement. Moreover, the subjective "deliberate indifference" requirement is a necessary, but not a sufficient, requirement for an Eighth Amendment violation claim. The plaintiff would still need to allege facts supporting the objective "serious injury" requirement, which the Court has already stated has not been done by the plaintiff. Accordingly, this Court hereby OVERRULES the plaintiff's objection on this issue.

### 3. Exhaustion of Administrative Remedies

The plaintiff states that he completed all of the four steps in the BOP administrative remedy process prior to filing his federal complaint [Doc. 39 at 2]. Furthermore, the plaintiff argues that the delay was caused by "his BOP Counselor refusing and failing to provide Cook with BP-8, BP-9, BP-10, [and] BP-11 forms . . ." [*Id.* at 2-3]. However, this series of complaints began in February 2010, long after the 20-day deadline after the date of the incident at issue. To the extent that the plaintiff is attempting to qualify for an extension of the filing time under 28 C.F.R. § 542.14(b), this Court finds that the plaintiff has not demonstrated that he falls under any of the exceptions listed therein. Moreover, as previously discussed, even if this Court were to determine that the plaintiff had indeed exhausted his administrative remedies, the plaintiff's **Bivens** claim would still be dismissed for failing to allege facts sufficient to support an Eighth Amendment violation claim. Accordingly, this Court hereby OVERRULES the plaintiff's objection on this issue.

### 4. Time for Objections

The plaintiff objects to the amount of time that the magistrate judge gave him to file any objections. The plaintiff states that the fourteen day time period gave him less time to prepare his objections than a ten business day time period would have given him, based upon the weekends and holidays involved in that time period. As such, the plaintiff states that he was "only allowed a total of 20 hours to prepare [his] objections" [Doc. 39 at 9]. However, the magistrate judge properly provided the plaintiff with the applicable time period for objections. *See* 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Accordingly, this Court hereby OVERRULES the plaintiff's objection on this

issue.

5. Renewed Request for Counsel and Discovery Time Period

The plaintiff states that he renews his request for appointment of counsel [Doc. 39 at 7 and 9-10]. This request was docketed as a separate Motion to Appoint Counsel [Doc. 40] on January 18, 2012. In this proceeding, the plaintiff originally filed a Motion to Request Appointment of Counsel [Doc. 11] on March 3, 2011. By order entered March 4, 2011, Magistrate Judge Joel denied plaintiff's motion [Doc. 12]. To the extent that plaintiff's "objection" can be construed as a motion for counsel, this Court **DENIES** the motion **[Doc. 40] as moot**. To the extent that this issue is raised as an objection to the magistrate judge's R&R, this Court hereby OVERRULES the objection.

## V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 37]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 39]** are **OVERRULED**. Accordingly, the defendant's Motion to Dismiss, Or, in the Alternative, Motion For Summary Judgment **[Doc. 22]** and is hereby **GRANTED** and plaintiff's Complaint **[Doc. 1]** and Amended Complaint **[Doc. 32]** are hereby **DISMISSED WITH PREJUDICE**. Furthermore, the plaintiff's Motion to Appoint Counsel **[Doc. 40]** is hereby **DENIED**. The Clerk is directed to enter a separate judgment in favor of the defendant and strike this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: January 30, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE